FILED
SUPERIOR COURT
OF GUAM

2022 OCT 12 AM 11: 58

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| TAMMY L. MENO, and MELVIN J.D. MENO, as parents and guardians of TEEGAN J. MENO<br><br>Plaintiffs,<br><br>vs.<br><br>DEPARTMENT OF EDUCATION, GOVERNMENT OF GUAM; GUAM EDUCATION BOARD; SUPERINTENDENT OF EDUCATION; JOHN DOE INSURANCE COMPANIES 1-5<br><br>Defendants. | CIVIL CASE NO. CV0789-21<br><br><br><br>DECISION AND ORDER DENYING GDOE DEFENDANTS' MOTION TO DISMISS |

This matter came before the Honorable Dana A. Gutierrez on July 11, 2022 for a hearing on the Guam Department of Education and Superintendent of Education's (collectively, "GDOE Defendants") Motion to Dismiss. Attorney Jesse Nasis, representing the GDOE Defendants, and Attorney Charles McDonald, representing Tammy L. Meno and Melvin J.D. Meno, as parents and guardians of Teegan J. Meno, ("Plaintiffs") appeared via Zoom. Upon consideration of the arguments presented and in light of the applicable law, the Court hereby **DENIES** the GDOE Defendants' Motion to Dismiss.

### BACKGROUND

This matter arises out of Plaintiffs' Complaint and Demand for Jury Trial ("Complaint"), filed on November 10, 2021, alleging a claim of negligence against the Guam Department of

Education ("DOE"), the Superintendent of Education ("SOE"), the Guam Education Board ("GEB"), (collectively, the "Defendants"), pursuant to Guam's Government Claims Act (the "Claims Act").[1] On November 10, 2021, Plaintiffs also filed two Summonses ("Original Summonses"), one for the DOE and one for the GEB, which stated that the parties had "20 days after service" to file their answer. On January 6, 2022, the Plaintiffs filed two Declarations of Service, one for the DOE ("DOE Decl. of Service") and one for the GEB ("GEB Decl. of Service"). Both declarations stated that a copy of the Summons and Complaint were served to "Abi Brennan" at the DOE on December 30, 2021. DOE Decl. of Service; GEB Decl. of Service.

On February 25, 2022, the GDOE Defendants filed their Motion to Dismiss Plaintiffs' Complaint ("Motion to Dismiss") and Declaration of Abmer Brennan ("Decl. of Abmer") in support of Motion to Dismiss. On March 9, 2022, Plaintiffs filed two Amended Summonses ("Amended Summonses"), one for the DOE and one for the GEB, changing the time to respond to the Complaint from 20 days to 60 days. Additionally, Plaintiffs filed their Summons for the SOE ("SOE Summons") and Notice of Withdrawal of Demand for Jury Trial ("Notice of Withdrawal"). On March 25, 2022, Plaintiffs filed their Opposition to the GDOE Defendants' Motion to Dismiss ("Opposition"), and they also filed a Declaration of Service ("AG Decl. of Service"), a Declaration of Mailing ("Decl. of Mailing") and a Declaration of J. Thomas San Nicolas ("Decl. of San Nicolas"). On April 8, 2022, the GDOE Defendants filed their Reply to the Opposition ("Reply"), and a Supplemental Declaration of Abmer Brennan.

## DISCUSSION

The issue before the Court is whether the Plaintiffs' Complaint, filed under the Claims

---

[1] The Plaintiffs also allege a claim for direct action against the John Doe Insurance Companies 1-5.

**DECISION AND ORDER DENYING GDOE DEFENDANTS' MOTION TO DISMISS**
*CV0789-21; Tammy L. Meno, and Melvin J.D. Meno, as parents and guardians of Teegan J. Meno v.
Department of Education, Government of Guam, Guam Education Board; Superintendent of Education;
John Doe Insurance Companies 1-5.*

Act, should be dismissed pursuant to Guam Rules of Civil Procedure ("GRCP") Rule 12(b), "for lack of jurisdiction" and "for insufficiency of service of process." Mot. to Dismiss, at 1:20.

### 1. Under the Claims Act, Substantial Compliance Is Required for the Court to Have Jurisdiction.

"For the Superior Court to have jurisdiction over an action filed against the government, a plaintiff must show they complied with all the requirements of the Claims Act and that the compliance with each requirement was substantial." *Kittel v. Guam Mem'l Hosp. Auth.,* 2020 Guam 3 ¶ 15; *see also Pac. Rock Corp. v. Dep't of Educ.,* 2000 Guam 19 ¶ 16 (holding that strict compliance with the Claims Act is no longer a jurisdictional prerequisite to maintaining a claim against the government of Guam). The Supreme Court of Guam "has adopted the doctrine of 'substantial compliance' related to certain defects in service of claims against the government." *Kim v. Min Sun Cha,* 2020 Guam 22 ¶ 37; *see also Kittel,* 2020 Guam 3 ¶ 15 ("Substantial compliance exists when there is sufficient information disclosed on the face of the filed claim to reasonably enable the public entity to make an adequate investigation of the merits of the claim and to settle it without the expense of a lawsuit.") (quotation omitted).

§ 6209 of the Claims Act provides:

> All actions brought under this Chapter shall be governed by the law and rules of procedure of the Superior Court of Guam. Service of process shall be made upon the Claims Officer and upon the Attorney General. Trial shall be without a jury.

5 GCA § 6209. Under the Claims Act, when a line agency of the Government of Guam, such as DOE, is named in a lawsuit, the Attorney General of Guam serves as the Claims Officer for the line agency. 5 GCA §§ 6103, 6201 cmt; Mot. to Dismiss, at 3:14-19.

**DECISION AND ORDER DENYING GDOE DEFENDANTS' MOTION TO DISMISS**
*CV0789-21; Tammy L. Meno, and Melvin J.D. Meno, as parents and guardians of Teegan J. Meno v.
Department of Education, Government of Guam, Guam Education Board; Superintendent of Education;
John Doe Insurance Companies 1-5.*

---

Here, the GDOE Defendants claim that the Court lacks jurisdiction because the Plaintiffs failed to comply with the Claims Act in two ways. First, the GDOE Defendants allege that the Plaintiffs improperly demanded a jury trial, which is explicitly barred under § 6209. Mot. to Dismiss, at 2:2-5. Second, the GDOE Defendants allege that the Plaintiffs failed to serve the Attorney General, who is also the Claims Officer for DOE, pursuant to § 6209. *Id.* at 3:9-4:4.

In their Opposition, Plaintiffs concede to both of these allegations but assert that they cured these issues within 180 days, pursuant to GRCP Rule 4(m). Opp'n, at 3:6-17; *see* GRCP 4(m) (discussing the time limits for service of summons and complaint). First, Plaintiffs filed a Notice of Withdrawal removing their demand for a jury trial from their Complaint to comply with the prohibition against jury trials. Opp'n, at 3:6-17. Second, Plaintiffs provided a Declaration of Service and Declaration of Mailing, documenting their personal service and certified mail service upon the Office of the Attorney General. *Id.; see* AG Decl. of Service; Decl. of Mailing.

In their Reply, the GDOE Defendants remark that the "Plaintiffs clearly admit that they failed to comply with the Government Claims Act." Reply, at 2:9. However, the GDOE Defendants do not present any argument regarding whether Plaintiffs should be barred from curing these earlier technical issues or whether the later service attempts have substantially complied with the Claims Act.[2] *See Kim,* 2020 Guam 22 ¶ 37 (recognizing that technical defects may be cured with actual knowledge of a lawsuit, whereas fundamental defects, like failing to name the correct party or making no attempt at proper service, cannot be cured).

---

[2] The Court notes that the GDOE Defendants' Reply does not contain any case law to support their position that a motion to dismiss with prejudice is warranted based on the facts presented to the Court in this case.

**DECISION AND ORDER DENYING GDOE DEFENDANTS' MOTION TO DISMISS**
*CV0789-21; Tammy L. Meno, and Melvin J.D. Meno, as parents and guardians of Teegan J. Meno v.
Department of Education, Government of Guam, Guam Education Board; Superintendent of Education;
John Doe Insurance Companies 1-5.*

Based upon the actions taken by the Plaintiffs, through the Notice of Withdrawal and the subsequent service on the Attorney General, who serves as the Claims Officer for GDOE, the Court finds that the Plaintiffs remedied their technical issues and substantially complied with the requirements of the Claims Act. *See* 5 GCA § 6209.

### 2. Pursuant to the GRCP, Proper Service Is Required But Reasonable Time Shall Be Granted to Cure Defective Service in Applicable Situations.

In addition to substantially complying with the requirements of the Claims Act, Plaintiffs must follow the "rules of procedure of the Superior Court of Guam" when filing such claims. 5 GCA § 6209. A "trial court lacks personal jurisdiction if service is defective." *Pineda v. Pineda,* 2005 Guam 10 ¶ 10. A motion to dismiss, under Rule 12(b)(5), "challenges the method of service—or lack thereof—of the summons and complaint." *Lau v. Fernandez,* 2017 WL 758488 at *2 (D. Guam 2017) (citation omitted) (interpreting the Fed. Rules of Civil Procedure).[3]

With regard to service of process, GRCP Rule 4(i) requires:

1) Service upon the government of Guam shall be effected:

(A) by delivering a copy of the summons and of the complaint to the Attorney General or to an assistant attorney general or clerical employee designated by the Attorney General in a writing filed by the clerk of court **or** by sending a copy of the summons and of the complaint by registered or certified mail addressed to the office of the Attorney General;

...

(2) (A) Service on an agency or corporation of the government of Guam, or an officer or employee of the government of Guam sued only in an official capacity, is effected by serving the government of Guam in the manner prescribed by Rule 4(i)(1) **and** by also sending a copy of the summons and complaint by registered or certified mail to the officer, employee, agency, or corporation.

....

---

[3] "When a local rule tracks the language of its federal counterpart, we view federal precedent as highly persuasive when interpreting our own." *Ukau v. Wang, 2016 Guam 26 ¶ 28; see also M Electric Corp. v. Phil-Gets (Guam) Int'l Trading Corp.,* 2016 Guam 35 ¶ 25, n. 1 ("[F]ederal decisions construing rules from which our own are derived are persuasive authority.")

GRCP 4(i)(1)(A), 4(i)(2)(A) (emphasis added). Therefore, to serve the government of Guam, a plaintiff needs to serve the summons and complaint on the Attorney General, "by delivering a copy" or "sending a copy...by registered or certified mail," and on any officer, employee, agency, or corporation by "sending a copy...by registered or certified mail." *Id.*

GRCP Rule 4(m) requires that a plaintiff serve the summons and complaint upon the defendant within 180 days of filing or risk dismissal without prejudice, unless "the plaintiff shows good cause for the failure" then "the court shall extend the time for service for an appropriate period." GRCP 4(m); *see Henderson v. United States*, 517 U.S. 654, 661 (1996) (holding that Rule 4(m) provides an "irreducible allowance" of time to serve that can be expanded upon for good cause, even superseding statutory procedural provisions that require service to be "forthwith"); *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (finding that Rule 4(m) offers a minimum amount of time to serve; not to be reduced, only extended).

Further, GRCP Rule (4)(i)(3)(A) offers guidelines for the Court to grant additional time when the Plaintiff has made efforts to serve. *See Henderson,* 517 U.S. at 663 (citing to FRCP Rule 4(i)(3) as a reason for granting additional time).[4] The Rule states:

> (3) The court shall allow a reasonable time to serve process under Rule 4(i) for the purpose of curing the failure to serve:
>
> (A) all persons required to be served in an action governed by Rule 4(i)(2)(A), **if** the plaintiff has served the Attorney General of Guam;
> ....

GRCP 4(i)(3)(A) (emphasis added); *see MacDonald v. United States*, 2011 WL 3703286, at *3 (S.D. Cal. 2011) (noting that FRCP Rule 4(i) requires "reasonable time" to cure defective service

---

[4] The Court notes that the FRCP Rule 4(i)(3), analogous to GRCP Rule 4(i)(3), was amended to FRCP Rule 4(i)(4) in 2007. FRCP Rule 4, 2007 Amendment.

**DECISION AND ORDER DENYING GDOE DEFENDANTS' MOTION TO DISMISS**
*CV0789-21; Tammy L. Meno, and Melvin J.D. Meno, as parents and guardians of Teegan J. Meno v.*
*Department of Education, Government of Guam, Guam Education Board; Superintendent of Education;*
*John Doe Insurance Companies 1-5.*

---

beyond Rule 4(m) time limits). Additionally, once the summons is served, GRCP Rule 12(a) requires that the government of Guam be granted 60 days to file an answer. GRCP12(a) ("The government of Guam or an officer or agency thereof shall serve an answer to the complaint... within 60 days....").

### A.     Plaintiffs Attempted to Cure Defective Service Upon Defendants and the Attorney General.

The GDOE Defendants allege that the Plaintiffs failed to properly serve the Defendants and the Attorney General. First, the GDOE Defendants allege the Plaintiffs "service of process" was "defective," claiming the Plaintiffs' original service attempt was improper because it was not delivered by "certified or registered mail," but instead delivered by personal service to Abmer Brennan, a GDOE employee. Mot. to Dismiss, at 3:1-2, 4:13-15; *see* Decl. of Abmer. Furthermore, the GDOE Defendants allege the Original Summonses improperly stated that the DOE and the GEB had only 20 days to respond, instead of 60 days as required by Rule 12(a). *Id.* at 2:10-14. Third, the GDOE Defendants allege that the Plaintiffs failed to serve the Summons on the GEB, and failed to serve the Summons or the Complaint on the Attorney General. *Id.* at 3:3-4, 4:16-19. The GDOE Defendants allege that the Plaintiffs' failure to serve the proper parties and provide the correct time period in which to respond to the Complaint, pursuant to Rule 4(i) and Rule 12(a), warrants a dismissal of the Complaint with prejudice. *Id.* at 5:18-20.

Plaintiffs claim they originally believed "that service was complete" because they served the "[GDOE] Defendants' employee in its legal department" and the employee did not say that she was unauthorized to accept service. Opp'n, at 2:25-3:4. However, after the Motion to Dismiss was filed, Plaintiffs filed their Amended Summonses and also filed an SOE Summons to

require an answer within 60 days. Plaintiffs further claim that after recognizing their failure to serve the Attorney General, they delivered and mailed the Amended Summonses, the SOE Summonses, the Notice of Withdrawal, and the Complaint to the Office of the Attorney General on March 25, 2022, within the 180 days as required under Rule 4(m). *Id.* at 3:6-17; AG Decl. of Service; Decl. of Mailing; Decl. of San Nicolas. However, the Plaintiffs never mention any other service attempts directly with the GDOE, the SOE or the GBE. *See* Opp'n.

While the GDOE Defendants argue that the Original Summonses were not properly served, in their Reply and at the Motion hearing, they do not argue that this new attempt at service on the Attorney General continues to be defective. *See* Mot. to Dismiss; Reply. Instead, when the Court asked GDOE Defendants' Counsel at the Motion hearing whether the Plaintiffs cured their defective service, Counsel offered no new case law or authority to challenge this new service attempt, but simply stated that he would "defer to Your Honor and the Court." Min Entry, at 9:08:30-9:08:52 (July 11, 2022).

With regard to Plaintiffs' attempt to cure service, and in the absence of information to the contrary, the Court finds that the Plaintiffs served the Attorney General in accordance with Rule 4(i)(1)(A) and 4(m). However, with regard to curing the defective service on the Defendants, the Plaintiffs failed to comply with GRCP Rule 4(i)(2)(A) as discussed below.

**B.** **When the Attorney General Is Served, GRCP Rule 4(i)(3)(A) Provides That the Court Shall Grant Reasonable Time to Cure Defective Service.**

Although the Plaintiffs delivered and mailed the Amended Summonses, the SOE Summonses, the Notice of Withdrawal, and the Complaint to the Attorney General, they took no action to cure defective service upon the Defendants as required by Rule 4(i)(2)(A). Despite this

---

failure on the part of the Plaintiffs, because the Attorney General has been served, Rule 4(i)(3)(A) allows the Court to grant "reasonable time" to the Plaintiffs outside the 180 day time period under Rule 4(m) to cure defective service. GRCP 4(i)(3)(A); *see Henderson,* 517 U.S. at 663 (noting that FRCP Rule 4(i)(3) allows "a specific instance of good cause" for the court to grant "reasonable time" beyond the limits of Rule 4(m) when the U.S. Attorney or Attorney General is served); *MacDonald,* 2011 WL 3703286, at *3 (FRCP Rule 4(i) still requires "reasonable time" be granted after Rule 4(m) time expires); *see also McDaniel v. McDonald,* 2015 WL 6119494, at *2 (D. Nev. 2015) ("On its face, FRCP Rule 4(m) does not tie the hands of the district court after the 120–day period has expired").

Therefore, because the Plaintiffs properly served the Attorney General, the Court finds that "reasonable time" must be granted for the Plaintiffs to cure their defective service upon the Defendants.

## CONCLUSION

For the reasons set forth herein, the Court hereby **DENIES** the GDOE Defendants' Motion to Dismiss. The Court further directs the Plaintiffs to complete service upon the Defendants in accordance with Rule 4(i) and to file an affidavit or declaration of service establishing compliance **no later than November 1, 2022.**

**SO ORDERED:** _____ OCT 1 2 2022 _____

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
*Mcdonald,*
*Nasis*
Date: 10/12/22 Time: 12:04pm

Deputy Clerk, Superior Court of Guam

_____
**HONORABLE DANA A. GUTIERREZ**
**Judge, Superior Court of Guam**

9